Tucker, P.
In the case of Pugh's ex'or v. Jones (reported ante, p. 299.), I have stated the principles, which appear to me to govern in questions relative to the demand of surety on appeals by executors and administrators. I shall not repeat them here. Suffice it to say, that, according to those principles, Erskine ought to give security, unless there is some particular reason for exemption. His counsel contends that there is; that the decree has been carried into execution, by the surrender of the slaves by Erskine to Nadenbousch, the committee administrator, and that Erskine therefore ought not to be held to security for them.
Two questions here present themselves; 1. Whether, where the decree has been in part executed, and the property surrendered, the appellant should be bound to give security for it ? and 2. Whether this matter can be established by evidence aliunde ?
As to the first, I think there can be no reasonable doubt, that if the property has been taken from the possession of the defendant, and placed in the hands of Nadenbousch by order of the court, it would be unreasonable to require that the appellant should become *383 bound for the property. If the property was in his possession, indeed, he might well be required to give security against its eloignment. This is, however, the very object of the security; and if he has not possession, and therefore cannot eloign, that object cannot exist. Or, to put the case more strongly: if he had possession, it might well be required, that he should give security for its forthcoming, because he would have it in his power to produce it. But if it is not in his possession, he has it not in his power to produce it, and it would therefore be unreasonable to require him to give security for doing that which is not in his power. Nay more: it has been taken out of his possession by judicial authority, and placed in the hands of a person not responsible to him, a,nd for whose acts, therefore, he is not responsible. To require him to give bond for the production of property thus situated, would be oppressive and unjust; and if it clearly appeared on the face of this record, that the property had been actually given up, I think there could be no doubt about the matter. In the case of Bull v. Douglass, 4 Munf. 303. an interlocutory decree was rendered for the sale of certain mortgaged premises, to raise a very large sum. The sale was made, and the proceeds being credited, there still remained a balance for which a decree was rendered. Bull was advised, that the decrees were erroneous, and appealed. Security was demanded only for the balance, after crediting the mortgage; and yet both decrees were reversed, and the sale was set aside. It is very true, that there, there was the land standing as security pro tanto; but it did not follow, that upon a future sale, it would command the price wdiich was given upon the first. It would seem, therefore, that in the requisition of security, the court must have been governed by the fact that a large portion of the decree had been discharged by the sale of the mortgaged subject. Our statutes pursue a like principle; for if a *384 party is unable to give bond and security for tbe debt, he may have his appeal on giving security for costs only, and the decree shall not be superseded. Pari rations, it would seem, that, where the decree has been satisfied or obeyed, the appellant should not be required to give an appeal bond for more than the costs. It is well established, that after judgment has been executed, a supersedeas, writ of error or appeal, may well lie; and that, upon reversal, the appellant shall have a writ of restitution of what he has paid. White v. Jones, 1 Wash. 118. In such case, it is either unjust, or a solecism, to require bond and security for payment of the debt, in case the judgment be affirmed. For, if the debt has been already paid, it would be unjust to make the party pay it a second time; and if he is not bound to pay it, it is a solecism to require a bond to compel him to do so. So here; if the party has already performed the decree, cui iono require him to give bond to perform it, or to perform such part as he has already performed ?
I cannot think, therefore, that security should be required for that part of the decree which has been complied with. But this matter is not altogether so clear on the face of the record as I should desire, though certainly the strong presumption is, that the slaves have been surrendered.
The next question, therefore, is, whether the fact can be established by evidence aliunde ? I can see no valid objection to it. In these incidental motions, this court must take, and very commonly does resort to oral evidence,' to guide its judgment. Thus, on a rule for additional security, the question of solvency is tried upon affidavits. Indeed, if the right to appeal without other security than for the costs, where the decree has been complied with, is once admitted, it is clear, that in many cases it must be asserted by the production of oral evidence. In case of a judgment, indeed, the de *385 fendant may submit to an execution, and thereby procure record evidence of satisfaction. But m equity, this is not always so. If the party obeys the decree, there is not, necessarily, any record evidence of the fact. Thus, where the delivery of possession of a slave is decreed, and the decree is complied with upon demand, I know of no record evidence of the fact of delivery, which the party can produce. We must, therefore, deny the right, or admit the evidence. The case is analogous to that of the writ of restitution. There, if the levy of execution, and payment of the debt, appear by the record, restitution is at once awarded upon reversal. Where it does not appear, there must be a scire facias suggesting the fact of payment, and that fact is to be tried upon extrinsic evidence. 2 Salk. 588. 2 Wms. Saund. 101. y. in notes. 4 Leigh 319. 320. In this court, that is done by motion, upon notice, which in the inferiour courts is done by scire facias.
I am therefore of opinion, that this matter may be examined upon parol evidence, and that the rule should be enlarged for the purpose of having it ascertained. I shall only add, that unless the evidence is unequivocal, I should incline to demand the security.
The other judges concurred; and the rule was enlarged. Finally, the court required a new appeal bond with surety, in the penalty of 6000 dollars, it not being made to appear, that the slaves had been delivered to Nadenhousch under the interlocutory decree.